Turley, J.
delivered the opinion of the court.
This bill is filed by the complainants, a portion of the heirs at law of John White, deceased, against the defendants, the heirs at law of the said White,, and their vendees, to have contribution for loss sustained by them, in consequence of an eviction by paramount title of a part of the lands allotted to them upon a partition of a tract of land which the *276 said John White, deceased, owned and possessed, and which descended to them, and their brothers and sisters, children of the said White as tenants in common.
The partition of the land which forms the subject matter of this controversy, was made by the decree of the circuit court of Williamson upon the petition of the heirs. Afterwards one Hardy Koen instituted a suit in the chancery court at Franklin for an undivided, half of the whole tract which had been thus partitioned which Re recovered; this half when set apart by order of the court by metés and bounds, covered a portion of the land which had been allotted by the partition to the complainants, and it is for the loss thus sustained, that contribution is sought from the defendants.
Those of the defendants who are heirs at law of said White and claim by the partition, resist this demand upon the gener-, al allegation that there is no law for allowing it; those of the-defendants who are not heirs at law of the said White, but claim by alienation from those who are, in addition, insist that if there be such law, it only applies as between the partition-ers, and does not affect their alienees; and moreover, that they are protected by the statute of limitations.
The questions thus involved, are questions of importance and difficulty; and what seems very strange, have never before been presented for consideration in this state, and so far as we have been able to discover by examination, very seldom in any of our states. They necessarily involved the rights of partitioned, as against one another, and as against their assignees in all cases of lands held in joint tenancy, and tenancy in common, which may have been partitioned; and when the portion or portions of one or more have been lost or diminished by a paramount title; and also the proper remedy for the inforcement of those rights.
In the investigation of this subject, we are necessarily *277 thrown back upon some of the earliest principles of’ the common law, and compelled to enter into an examination of the old and most abstruse authors, with the view of ascertaining what was the rule of action in such case at common law; and then to perform an equally difficult task of moulding it to suit present times, differently organised courts and a different practice. If in doing this, some error or inconsistency should’ be committed, it is not to be wondered at, considering how seldom we are nowadays called upon to institute such investigations, and upon what nice and metaphysical constructions a great many of the old principles of tenancies in England were made to turn.
By the common law .for reasons not easily explained, partition could only be compelled as between parceners and not between joint tenants and tenants in common, and partition was only given as to them by the statutes of 31st H. 8 c., 1 and 32d H. 8 c. 32. As between parceners, partition was made either by a writ of partition, which is a real action, or by bills in chancery, which have been encouraged in England, because in cases of complicated or difficult titles, partitions in .equity are effected in a much easier manner than by a writ of partition, and are divested of the technical niceties attending such proceeding. The partition of estates held in co-parce-nary then, is compulsory by the common law; but in as much as if a portion of the estate had been lost by a paramount title, before the partition was made, the loss would have been equally borne by all the co-parceners; so it is considered by the common law, that they shall not be in a worse position after partition, than if they had enjoyed their moieties without division; and therefore, after partition they shall have a like remedy as if they had enjoyed in co-parcenary; in which case if a suit had been commenced both parties must have been impleaded, and on a recovery there had been an equal loss to both; therefore, after partition there is an implied *278 warranty annexed to each part so that if either be impleaded she may vouch her sister; and thereby, deraign th.e warranty paramount annexed to the purchase of the ancestor; and. if she loses she may have recompense against the other sister. Also if parceners enjoy in common, and any part is evicted by entry without action, they shall enjoy what is-left in co-parcenary; therefore, that parceners may not be in a worse condition by the partition which the law compels them to, there is a condition annexed to the partition that if either be evicted by entry without action, the party so evicted may enter on her sister’s moiety, and avoid the partition, by enjoyment of an undivided moiety of what is left, and compel a new partition. Coke’s Litt., Tit. parceners.
So that as between, parceners, in case of an eviction by suit upon a paramount title after the partition, the remedy was'at common law-by vouching the co-parcener to assist in designing the warranty paramount annexed to the purchase of the ancestor, and in case of failure, to have recompense pro rata for the loss, and in case of .eviction by entry without suit, by re-entry into the portion of the other co-parceners under an implied condition annexed to the partition so to do.
There is this difference between the warranty and the condition which the law thus creates upon the partition. When a co-parcener takes benefit of the condition, she defeats the partition in the whole, but when she vouches by force of the warranty in law for part, the partition shall not be defeated in the whole but she shall recover recompense, for that part which was lost, to the end that the loss may be equal. For both claim by descent, which is an act of law, and by the law each of them ought to have an equal part of the inheritance of their ancestor, therefore, she shall recover in value but the moiety of what she lost, so that the loss shall be equal, she bearing her portion of it with the sister vouched. Coke Litt. 174 a. Allnatt, 156, 4th Rep. 121.
*279 In Bustard’s case, 4th Rep. 121, it was adjudged:
1st. “That in every exchange, lawfully made, this word <?;e-cambium implies in itself taciic, a condition and a warranty; the one to give re-entry, the other voucher and recompense, and all in respect of reciprocal consideration, the one land being-given for the other; but it is a special warranty, for upon the voucher by force of it, he shall not recover other land in value, but that only which was given in exchange; for in as much as the mutual consideration is the cause of the warranty, it shall, therefore, extend only to land reciprocally given, and not to other land, and the same is law in the case of partition.”
2d. It was resolved, “that if A gives in exchange three acres to B for other three acres, and afterwards one acre is evicted from B, in that case the whole exchange is defeated, and- B may enter into all his lands; for although the exchange had been good if A had given but two acres, or but one acre, or less, yet for as much as all the three acres were given in exchange for the others, and the condition which was implied in the exchange was entire; upon the eviction of one acre the condition in law was broken, and, therefore, entry given into the whole; for. it is the office of the condition to defeat the whole, and not any parcel, unless the condition is especially restrained to one part only. But in the case of exchange, if one is impleaded for one acre, and he vouches the other, and the demandant recovers, in that case the tenant shall recover in value, but only according to the loss, for although the condition is entire, and extends to all, yet the warranty upon the exchange may merely extend to part. The same is law of partition, but there- is this great difference between warranty -in law upon exchange, and warranty in law upon partition, as to the recovery in value; for in case of exchange, he who vouches shall recover in value according to the value which he lost; but so it is not in the case of partition; for if a man is seised of six acres in fee, every one of equal annual value, and dies, *280 Laving issue, two daughters, and upon partition each has three acres, and afterwards one sister is impleaded for one acre, by one who has title paramount, and prays aid of her ’co-par-cener, she shall not recover an acre, but half an acre, so that each of -them shall have an equal part; for in as much as both claim by descent, which is an act in law, and by the law each of them ought to have an equal part of the inheritance of her ancestor; for this cause she- shall recover in value but the moiety which she lost, so that the loss shall be equal.”
From all which it appears, that as between the co-parceners themselves the remedy for equalizing a loss which accrued after partition is perfect, either by entry, which defeats the partition, or by voucher upon the implied warranty, which gives compensation in value for the actual loss, and not the nominal.
But this condition and implied warranty holds only in privity of estate, and, therefore, if. either parcener aliens in fee, and and the alienee is evicted, the aliening parcener, cannot enter on the other allotment, because by the alienation she has dismissed herself from having any part of the tenements as par-ceners, by thus severing the connection which previously existed; Allnat on Partition, 159; and my lord Coke says, that when the whole privity of estate between co-parceners is destroyed, there ceases to be any recompense to be expected, either upon the condition in law, or the implied warranty. Coke Litt. 174 a. Yet it is otherwise if the privity be not wholly destroyed; for instance supposing the alienation to be for years, forlife, or entail; then on account of the reversion, the parcener whose alienee is evicted, shall enter on the other part. Coke Litt. 173, b. The reasoning which would prevent the aliening parcener from entry or vouching upon the warranty in cases of eviction, applies with greater force to the alienee, who is a stranger in blood, and who unquestionably could not enter or vouch.
But it does not follow, because neither the alienor or alienee *281 can enter upon or vouch the other co-parcener, that she may not have such remedy herself against them, for if she have not, it is in the power of the co-parcener who aims by the partition to defeat the remedy of her co-parcener by entry or voucer, by alienation immediately upon partition, a defect which it seems the common law in its wisdom would hardly permit, after the great pains it had been at to reserve their remedies.
Now it is perfectly right, that thé co-parcener who aliens, should not enter or vouch her coparcener, because by her own voluntary act she has severed the connection which the law created between them; and her alienee should not be allowed these remedies for the same reason; and because he might secure himself by the warranty of his vendor; but very different is the situation of the other co-parceners; they cannot prevent the alienation, and unless they alien themselves, it would seem hard that they should be deprived.of a remedy, given to them by the act of the opposite party. We think the weight of authority is, that they are not.
In the before cited case of Bustard, 4th Coke Rep. 121, it was further adjudged as a part of the first 'point, “that this warranty runs only in privity, for ’none shall vouch by the force of it but the parties to the exchange, or their heirs, and no assignee, but the assignee shall rebut by force of it, though the exchange was without deed, as appears, 3 E. 3, Formedon, 442. E. 2. The same law in case of partition, and as it is in case of warranty, so it is in case of a condition which •the law implies upon an exchange-. Therefore if A exchange with B, and B aliens to C, who is evicted by title paramount, C shall not enter upon the others, for as the warranty runs in privity to the parties to the exchaiige and their heirs, so also the condition in law runs in privity, and doth not extend to the assignee, and so none shall have contra formam, feoffamenti, but the feoffee or his heirs, but the assignee may rebut. But in *282 the same case if A, who did not alien, is evicted, he shall enter into the land which he gave in exchange, although B had aliened it over.”
This authority satisfactorily establishes, that although the alienee cannot enter upon him who has not aliened, although he be evicted, yet that the converse is different and he may be entered upon. The same principle would unquestionably apply in the case of a voucher upon the implied warranty, as no reason can be perceived why it should not, and my Lord Coke, who is so very minute and particular, would surely not have let it escape his observation if it did not. And if there had been any difference in these particulars between an exchange and a partition, he certainly would have mentioned it, after being so particular in pointing out other and obvious distinctions between them.
Allnatt in his treatise on partition, page 161, says: “The practical consequence seems to result from the doctrine of implied warranty on every partition between coparceners, is that when a person contracts for the purchase of lands, the title to which depends on such a partition, the title not only to the lands contracted for, but to all the lands, comprised in the partition should be investigated.”
Mr. Preston, a very great property lawyer, in his well known work on the laws of property, page 304, says, “every partition between coparceners implies a warranty corresponding with the warranty on an exchange. %This point duly considered, leads to the conclusion, that when a title depends on a partition between coparceners, the title to all the lands comprised in the partition as well as the identical lands which are purchased, ought to be taken into consideration.” This necessarily implies the belief on the part of the author, that the right of entry and voucher vested against the alienee, without which, such investigation would not have been necessary. *283 inasmuch as the alienation ipso facto would destroy the privity and toll these remedies. It is true at' page 75 of the 2d volume of this work, the same author uses expressions which seem to be at variance with his previous view of this subject; he there says: “though on a partition between coparceners there be an implied warranty while the privity continues, yet when one of them aliens, in fee, or even in tail, while the title is held under the entail, the warranty ceases, and consequently the title to the lands given to the other parceners on the'partition need not be investigated.” Allnatt in commenting on this passage, says: “It is presumed that the alienation referred to in this passage is to be intended as having been made not of the allotment contracted to be purchased, but of the allotment belonging to the other partners. For if the double remedy consisting of warranty and condition implied on a partition corresponds with that implied on an exchange,, it should seem to follow that after alienation in fee by one parcener and an eviction of that share, although neither she nor her alienee may enter by force of the condition, nor vouch by virtue of the warranty, yet the other parceners or their heirs may still avail themselves of these remedies against the alienee of the first parcener in like manner as they might have done against such parcener himself, in case she had not aliened. Allnatt on partition 162.
■ We are inclined to hold this explanation of the text of Mr. Preston to be the true interpretation, for otherwise, he not only contradicts the. case of Bustard, but his own previously expressed opinion, a thing too loose to have been perpetrated by so accurate a man.
We then hold that by the common deed, one co-parcener, who has been evicted of the whole or a part of the allotment assigned to her by partition, by paramount title, has a remedy against her coparcener either by entry upon the condition, *284 or by voucher upon the warranty, both pf which arc implied upon such partitionthat by the first she vacates the partition and may force a new one; that bfthe last she is remunerated in value for what she has lost, having such portion of it herself as will equalize her interest with that of the other. These remedies are given by the common law because a partition in such case could be forced; and in order that no injustice should be done thereby to either party, but that their rights should remain with the single exception of enjoying them in severalty, as they were before partition; and they exist against an alien-ee.
We have seen that at common law, a partition of estates held by joint tenancy, or tenancy in common, could not be compelled, but were only made voluntarily by the owners thereof. In cases of partition so made, the common law implied no condition, no warranty, because the owners were not compellable as parceners were to make such division, and therefore might make express stipulation for their mutual pro-, tection, which, if they neglected, it was their own folly.
But we have seen that by the statutes of 31st H. 8th, c. 1, and 32d H. 8th, c. 32, a compulsory partition of such estates may now be had, and it would seem to follow, that (this being so) the same provision should be made for their protection mutually against each other in case of eviction after such compulsory partition. We therefore find that protection is given by the 3rd section of the statute of the 31st H. 8, c. 1, though not as fully as the common law gave it in the case of parce-ners, for the implied condition of re-entry is withheld. The words of the section are, “Provided always, and be it enacted, that every of the said joint tenants or tenants in common, and their heirs after such partition made, shall and may have aid of the others, and of their heirs after such partition, made to the intent to deraign the warranty paramount, and to recover for the rate as is used between coparceners after partition made *285 by tbe order of the common law, any thing in the act contained to the contrary notwithstanding.”
We are of the opinion that this section of this statute gives to joint tenants, and to tenants in common after a forced partition under the statutes, as ample remedy against each other by vouching upon the warranty as was given by the common law in the case of coparceners, but that this is only so when the partition is forced under the statutes, for if the party voluntarily partition in such case, they stand as they did before the statute, having no implied warranty, and must protect themselves by special covenants. For Lord Coke says, “they must per-sue that act by writ de partitione fadcnda, and a partition madé between joint tenants without writ, remains at the common law. And so it is and for the same reason of tenants in common.” Coke Litt. 169a. At page 187a, he again says: “But since Littleton wrote, joint tenants and tenants in common are generally compellable to make partition,by writ framed under the statutes of 31 and 32 H. 8, and albeit, they be now compelled to make partition, yet seeing they are com-pellable by writ, they must pursue the statutes, and cannot make partition By parol,for that remains as at the common law, and if two joint tenants be of land with warranty, and they make partition by writing, the warranty is destroyed; but if they make partition by writ of partition upon the statute, the warranty remains, because they are compellable thereto.”
The supreme court of Pennsylvania in the case of Wisener vs. Wisener, 5th Watts, R. 279, hold that no implied warranty arises out of a deed of partition between joint tenants or tenants in common; their liabilities to each other arising out of the subject matter of the partition, depend upon the express covenants of the deed.
These statutes of 31 and 32 H. 8th, are in use, and in force in this state, because, 1st. we have no other statutes compelling partition in express terms, of estates held by joint tenancy, *286 or tenancy in common; the first statute passed on the subject in North Carolina is, that of 1787, chap. 17: this statute instead of beginning with a provision that thereafter estates held in joint tenancy or tenancy in common, shall be partitioned, which it wouldhave done, had they never been partitioned before, begins by giving power to the county and superior courts to appoint' commissioners .to make such partition; from this, we are warranted in saying, that previous to the passage of that statute, partition in such cases had been as in England by writ under the statutes of H. 8th, and that the act of 1787 was intended to change the mode of making the partition, simplifying it, and creating different tribunals with jurisdiction over it. All our statutes upon this subject, since have Teen made with the view to the practice in such cases, and to fix the tribunals before whom such proceedings should be had. These are now the circuit and chancery courts.
2d. Tjiey are in force because the provisions of them, are meet and proper and consonant with our institutions and form of government. And 3d. Because they have been recognized as in force and use in the State of North Carolina as will be seen by an examination of the collection of the English statutes in force and in use in North Carolina made by Francis Zavier Martin, under the authority of legislature of that state. If they are in force and in use in North Carolina, so they are in this state.
Then we have arrived at the conclusion, that in the case of a partition of real estate held in joint tenancy, or tenancy in common, there is by the force of the statute of 31st Henry 8th, ch. 1, an implied warranty between the parties .thereto, by which they have the mutual right, in case of eviction by paramount title, to have compensation against each other for the loss sustained, they having their equal portion of it, and that this remedy exists against alienees, though not in their favor.
*287 The only other question remaining is, in what forum, and by what mode of proceeding shall this redress be had? '
The right of entry does not exist, because there is no implied condition given by the statute, and because the right to make actual entry upon occupied land, is not congenial with our mode of doing business, and has never been in force and use in this state. The implied.covenant given by the statute cannot be vouched upon, because that mode of proceeding has never been used in this state, and is even now obsolete in England. We have been able to find no precedent for an action of covenant upon such implied warranty. It then necessarily follows, that such relief must be given by bill in a court of chancery, or it n\ust be altogether denied, a thing that justice and equity will not permit. It seems to us, that a court of chancery is peculiarly adapted to give the relief, which is upon the principle of contribution, a subject over which such courts have so long had almost exclusive jurisdiction. The account can be better taken, the value of the land better ascertained, and the loss more equally distributed between the parties; and moreover the court of chancery is one of the forums for making the partition; and surely no court can better rectify the mistake of a partition than that which has decreed it. We, therefore, think the remedy in a court of chancery, either by setting aside the partition when improperly made, and it can be done without injustice to others, or by contribution, when it is most proper.
In this case contribution is asked, and it seems to us to be the most practicable and just mode of compensating the injured parties, and it seems to us that they are entitled to this against the co-tenants and their assignees, because the partition is made, not by deed, but under the statute, and because the complainants have lost a portion of land allotted them, by paramount title.
We do not think the statute of limitations bars a *288 against any one liable, under this opinion, to make contribu tion, because no right to have such contribution accrued to the complainants until they were evicted by paramount title, and sufficient time has not since elapsed to constitute a bar to their recovery.
We, therefore, decree the subject matter in controversy for the complainants, and direct a reference to the clerk and master, to ascertain and report to this court the value of that portion of the shares of the complainants which has been lost by a paramount title since the partition, and show in what portions this loss must be distributed among those entitled under the partition, as well complainants and defendants.
Decree accordingly.